IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| PHILLIP H. FLOURNOY and<br>KATHY FLOURNOY,<br>Individually and on Behalf of a Class of<br>All Other Persons Similarly Situated, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | )<br>) | CIVIL ACTION FILE<br>NO. CV 205-184 |
| HONEYWELL INTERNATIONAL,<br>INC., formerly known as ALLIED<br>CHEMICAL CORPORATION and as<br>ALLIEDSIGNAL, INC., | )<br>)<br>)<br>) | <u>CLASS ACTION</u> |
| | ) | |
| Defendant. | ) | |

## <u>ORDER ON CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES</u>

This case is a proposed class action filed on behalf of former and current owners of property abutting the Turtle River estuary, including Morrison Slough, Yellow Bluff Creek and Gibson Creek in Brunswick, Georgia, against the Defendant, the owner of the site where it previously operated a chlor-alkalai plant that abuts Purvis Creek. The parties jointly move for certification of a class of property owners for settlement purposes. The Court grants the parties' motion for the reasons set forth below.

In this case, the Plaintiffs have filed nuisance and trespass actions on behalf of a class of property owners against Honeywell based upon the alleged migration of mercury and PCBs from the plant site onto their properties. The facts involving the operation of the plant, generation and disposal of mercury and PCBs among the related cases are similar. The class of property owners is defined as follows:

a.      The Class Area is that area of land lying in Glynn County, Georgia, described as follows:

1.      All of those parcels of land lying and being in Glynn County, Georgia, which abut the eastern border of Blythe Island from and including Fiddler's Island to Blythe Island Regional Park. The "eastern border of Blythe Island" is formed, at different points, by waterfront, marshfront, beachfront, Midway Circle, the sidewalk formally known as Beachside Drive, and Banks Drive.

2.      All of those parcels of land lying and being in Glynn County, Georgia, which abut the waterfront and/or marshfront between Crispen Boulevard and the LCP plant site, which abut the waterfront and/or marshfront of Gibson Creek and its tributaries, of Yellow Bluff Creek and its tributaries west of the Altamaha Canal, of Purvis Creek and its tributaries, or are adjacent to the Altamaha Canal south of Robarts Road and north of Glynn County's maintenance facility and firing range.

3.      All properties owned, operated or claimed by Glynn County are specifically excluded.

4.      All properties owned, operated or under the control of the Defendant, Georgia Pacific Corporation, Georgia Power Company, LCP Chemicals-Georgia, Inc. and related parties and property containing industrial waste ponds within the above-described geographic area are specifically excluded.

b.      The Settlement Class is defined as:

All persons who own property within the Class Area and all persons who owned property within the Class Area as of January 25, 1995, or since January 25, 1995.

The putative class members are current or former owners of property in the Turtle River estuary as of or since January 25, 1995, who allege that PCBs and mercury from the former chlor-alkalai plant have migrated onto their property, damaged their property value and interfered with their use and enjoyment of the class property.

-2-

## DISCUSSION AND CITATION OF AUTHORITY

Plaintiffs bear the burden of establishing that the prerequisites of Federal Rule of Civil Procedure 23(a) have been satisfied thereby warranting the certification of a class action suit. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). A district court has very broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). Rule 23, Fed.R.Civ.P. provides:

> (a) **Prerequisites to a Class Action**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

> (b) **Class Actions Maintainable**. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

>> (3) the court finds that the question of law or fact common to the members of the class predominate over any questions, affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

>> (A) the interest of members of the class in individuals controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

In determining whether the named Plaintiffs have met their burden, the Court's inquiry is whether the specific requisites of Rule 23 have been met; therefore, the probability of Plaintiffs' success on the merits of the substantive claims must not be considered in the analysis. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-178, 94 S.Ct. 2140, 2152-2153, 40 L.Ed.2d 732 (1974); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 722 (11th Cir. 1987). However, a class action

-3-

"may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied, "which requires the court to engage in an extensive factual inquiry." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Where, as here, the parties move jointly for certification of a class for settlement purposes, "Settlement is relevant to a class certification." *Amchem Products, Inc. v. Windsor*, 117 S.Ct. 2231, 2248 (1997). "Framed for situations in which 'class-action treatment is not as clearly called for' as it is in Rule 23(b)(1) and (b)(2) situations, Rule 23(b)(3) permits certification where class suit 'may nevertheless be convenient and desirable.' " *Id.* at 2245. "Confronted with a request for a settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed.R.Civ.P. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the rule – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context." *Id.*

### Rule 23(a) Requirements

#### (A) Numerosity

Plaintiffs must first establish that the class they purport to represent is so numerous that joinder of all the aggrieved individuals would be impractical. *See* Fed.R.Civ.P. 23(a)(1). While there is no definite number which satisfies the numerosity rule, "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986).

There are approximately 450 present and past owners of property within the proposed class area.  (Aff. Jenkins)  The size of the proposed class is sufficiently large to meet the numerosity requirement.

**(B) Commonality**

Next, the commonality requirement does not require that all questions of law and fact be common to every member of the class.  *Cox*, 784 F.2d at 1557.  Rather, "the rule requires only that resolution of the common questions affect all or a substantial number of the class members."  *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

> Plaintiffs have identified common questions of law and fact.  Each class member's claim, for example, would include proof of the operation of the LCP Site in Brunswick; the generation, storage and disposal of waste containing PCBs and mercury;  the alleged migration of PCBs and mercury from the plant site; and the subsequent migration of these constituents into the class area.  Each class member's claim must similarly address the toxicity of mercury and PCBs and the level at which these substances are safe.  While there are, of course, certain individual issues at stake, these issues will be adequately addressed through the settlement process, as discussed further below.

**(C) Typicality**

Typicality exists when there is a showing of a sufficient interrelationship between the claims of the representative and those of the class, so that an adjudication of the individual claims will necessarily involve the decision of common questions affecting the class." *Griffin v. Dugger*, 823 F.2d 1467, 1487 n.24 (11th Cir. 1987) (quoting 1 H. Newberg, *Newberg on Class Actions* 3.17 (2d Ed. 1985).  The named Plaintiffs, Phillip and Kathy Flournoy, are long-time

owners and residents of riparian property on Morrison Creek. Their individual claims are typical of the claims asserted on behalf of members of the proposed class. The claims asserted on behalf of all class members that are asserted by the named Plaintiffs rest on the same legal theories. The named Plaintiffs' claims are typical of those they seek to represent. *See also Cook*, 151 F.R.D. at 385-386; *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 64-66 (S.D. Ohio 1991).

### (D) Adequacy of Representation

"The adequate representation requirement involves questions of whether Plaintiffs' counsel are qualified, experienced and generally able to conduct the proposed litigation, and of whether Plaintiffs have interests antagonistic to the rest of the class." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985). This requirement involves questions of fact which depend upon the particular circumstances of each case. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981).

The facts in the case *sub judice* reveal that the named Plaintiffs and their counsel will adequately represent the interests of the class. Plaintiffs' counsel have the necessary qualifications and experience to conduct this class action suit. Second, there is no reasoned basis to conclude that the named Plaintiffs have interests antagonistic to the rest of the class. The named Plaintiffs understand their role in this lawsuit and are committed to seeing that settlement of this suit is in the best interests of all class members. If some class members do not believe that their interests will be adequately protected by the named Plaintiffs, they have the choice of opting out of the suit and pursuing their own claims. *See Fowler v. Birmingham News Co.*, 608 F.2d 1055, 1058-1059 (5th Cir. 1979). Plaintiffs have asserted claims typical of the class which are subject to the typical defenses in these types of cases. As such, the Court finds that the named Plaintiffs and their counsel will adequately represent the interests of the class as a whole.

**The Requirements of Rule 23(b)(3)**

**(A) Predominance**

As previously discussed, the Plaintiffs have presented the Court with numerous common issues of fact and law in this case.

The class presented to this Court involves a geographically defined number of class properties. All property owners own property within the Turtle River estuary and the contamination at issue occurred at the same plant under similar conditions. Most class members still live in the Brunswick area on the class property.

Given the fact that this is a settlement class, common questions of fact and law predominate over those issues requiring individualized proof. *See Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988). The common issues presented in this case establish the required cohesiveness for a finding that common issues predominate over individual issues.

**(B) Superiority**

At this time, particularly in light of the settlement in the case, a class action suit is the most effective and efficient way of dealing with the issues. Individual actions or the consolidation of individual claims would involve re-litigation of the same issues and presentation of the same evidence as that involved in this case. This would result in a waste of judicial resources. Further, individual actions would also require great expense for discovery, expert testimony and trial preparation.

Rather than pursue adversarial litigation of individual claims, class members have an opportunity to appear before a Special Master who will allocate the settlement fund based upon many factors, including proximity to the plant, length of ownership, use of property and presence

-7-

of PCBs or mercury on the property.   Each class member will have an opportunity to appear before the Special Master to present any additional facts about their property.

It appears that the settlement process through the Special Master appointed by the Court in this case will be quite manageable and fair.   It would certainly be more manageable than would be trial of over 225 individual cases.   Seen in the context of settlement of this case, a class action will clearly be the superior method for resolving the claims presented by this case. *Amchem*, 117 S.Ct. 2231, 2247.

## CONCLUSION

For the above and foregoing reasons, the Joint Motion for Class Certification is HEREBY GRANTED.

SO ORDERED, this the _____ day of November, 2006.

_____
United States District Judge
United States District Court
Southern District of Georgia
Brunswick Division