IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
10:02 A. M.
April 6, 2007
Deputy Clerk

PHILLIP H. FLOURNOY and )
KATHY FLOURNOY, )
Individually and on Behalf of a Class of )
All Other Persons Similarly Situated, )
)
Plaintiffs, )
)
v. ) CIVIL ACTION FILE
) NO. CV 205-184
HONEYWELL INTERNATIONAL, )
INC., formerly known as ALLIED )
CHEMICAL CORPORATION and as )
ALLIEDSIGNAL, INC., )
)
Defendant. )

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT ON PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY FEES AND EXPENSES AND COMPENSATION OF CLASS REPRESENTATIVES

The Court has before it Plaintiffs' motion for an award of attorney fees and expenses, and compensation of class representatives. The Court has been provided with the affidavits of Joel Wooten, Robert Killian, John Bell and Marie Jenkins setting out the efforts of class counsel and expenses incurred by their respective firms in this litigation. The Court has heard the testimony of Professor C. Ronald Ellington.

This matter was settled for the sum of $25,000,000 with the settlement fund paid into escrow on December 29, 2006. The present settlement fund including accrued interest is $25,333,288.90.

By notice sent to all class members as directed by the Court, class members were notified that the Court would hold a hearing today on the matter of approval of the settlement and the application for fees and expenses. Counsel for the Plaintiffs have subsequently filed their motion setting out specifically their requested fees, expenses and compensation for the class representatives. A copy

of that motion was mailed to all class members.

The Court finds that all members of the class have been given appropriate notice of this request for fees and expenses. No member of the class has submitted any objection to the requested fees and expenses, nor did any class member appear this day in open court to object to the requested fees and expenses.

In this Circuit, the appropriate standard for fee awards in common fund cases is a percentage of the fund established for the benefit of the class, with the benchmark award being twenty-five percent of the fund. *Camden I Condominium Associates, Inc. v. Dunkel*, 946 F.2d 768, 774 (11th Cir. 1991). The decision as to whether to award more or less than twenty-five percent of the fund is a matter committed to the discretion of this Court, guided by what have become known as the twelve *Johnson* factors that were set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). The Court addresses each of these factors *in seriatim*.

(1) *The time and labor required.*

This litigation began in January 1995, and has since that date required a massive commitment of time and effort by all firms involved. This large commitment of time and effort does not argue for a reduction of the fee percentage from the benchmark.

(2) *The novelty and difficulty of the questions.*

The claims asserted on behalf of Plaintiffs and the numerous defenses raised over the twelve years by counsel for the Defendant presented numerous novel and unusual questions of law and fact that required diligent and effective legal work by Plaintiffs' counsel throughout this litigation. Such does not argue for a reduction of the fee.

(3) *The skill requisite to perform the legal service properly.*

This is complex litigation against a large multi-national corporation represented by very

talented lawyers with what appeared to be unlimited resources at their command. This was in no way routine litigation and commanded a high level of skill and diligence by Plaintiffs' lawyers. This factor does not argue for any reduction of the fee from the benchmark.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.*

The three firms that together were Plaintiffs' counsel in this case are small law firms. The massive briefing and the 194 depositions taken in this and related litigation necessarily limited the time and resources that these lawyers could give to other matters over this twelve-year period.

(5) *The customary fee.*

The customary fee for plaintiffs asserting claims of this type is a contingent fee. The most common contingent fee is one third of the recovery. Forty percent fee contracts are common for complex and difficult litigation such as this.

(6) *Whether the fee is fixed or contingent.*

Two hundred eight of the members of the class entered into fee contracts with Plaintiffs' counsel, with the agreed fee being twenty-five percent of the total recovery plus all expenses incurred by counsel. This fee agreement is the same amount being prayed for by counsel in this motion.

(7) *Time limitations imposed by the client or the circumstances.*

The overwhelming demands of this case during the course of the twelve years of litigation would have, of necessity, delayed Plaintiffs' counsel from doing other legal work.

(8) *The amount involved and the results obtained.*

The Court has found that the award of $25 million is a substantial and very good result obtained on behalf of members of the class. No class member objected to the settlement. It appears that the class members are quite pleased with the recovery.

(9) *The experience, reputation, and ability of the attorneys.*

The Court is familiar with the experience, reputation and ability of all lawyers representing the Plaintiffs in this case, as well as the defense counsel. This case has, at all stages, been handled on both sides by very experienced and talented lawyers whose reputations for effective handling of complex litigation are well known throughout Georgia.

(10) *The "undesirability" of the case.*

It is hard to describe a case that settles for $25 million as undesirable. However, the Court notes that, during the course of this litigation, no other lawyers filed suit against this Defendant to assert property damage claims for property owners that owned property within or near the class area. The amount of time and money invested by Plaintiffs' counsel in this case would, of necessity, deter most lawyers and law firms from undertaking this case.

(11) *The nature and length of the professional relationship with the client.*

Plaintiffs' counsel in this case were not representing long-term clients, though after twelve years of litigation, they may now view them as long-term clients. This factor does not call for increase or reduction of the fee percentage in this case.

(12) *Awards in similar cases.*

The Court is familiar with fee awards in other cases of this kind. Though the amounts do vary, the most common figure for fees in common fund settlement of class actions is twenty-five percent.

As a matter of fact and law, the Court adopts the figure of twenty-five percent of the total fund as the appropriate percentage fee for Plaintiffs' counsel in this case.

Counsel for Plaintiffs has also requested reimbursement of expenses incurred in the amount of $1,070,363.24. Each law firm involved submitted an affidavit attesting to expenses incurred. In

addition, Professor C. Ronald Ellington was provided detailed records of the expenses and was asked to review the expenses to form his independent opinion as to their reasonableness. The Court notes that the expense figures were substantially reduced by the fact of the concurrent settlement of the case asserted on behalf of Glynn County, Georgia, with many of the expenses being split between the two cases thereby reducing substantially the total expenses that would have been incurred on behalf of the class had not the other case been simultaneously proceeding. The Court further notes that due to the twelve years that have passed since the case began, Plaintiffs' counsel have lost the use of this money for a number of years, unlike normal cases that are usually over within one or two years.

The Court finds that the expenses requested in the sum of $1,070,363.24 were reasonable and necessary.

Plaintiffs further move for a contingent award of $15,000 for expenses that may be incurred in the course of the administering of the settlement through distribution to all class members. The Court awards such fund, but it is to be paid only upon review and approval by the court-appointed Special Master for expenses incurred.

Plaintiffs' counsel have further moved for an award to the two class representatives, Phillip and Kathy Flournoy in the amount of $12,500 each and to Frank and Judy Owens, who were class representatives throughout the twelve years of litigation in the *Owens v. AlliedSignal* case pending in the Superior Court of Glynn County, also in the amount of $12,500 each. The Court finds that both the Flournoys and the Owens have been diligent in their service to the class and have provided significant assistance throughout this litigation that has been of substantial benefit to the members of the class. Accordingly, the Court finds that special compensation in the amount of $12,500 each to these four persons is fair and appropriate. Accordingly,

IT IS HEREBY ORDERED:

1) that counsel for the class is awarded $6,333,322 as attorney fees, $1,070,363.24 as reimbursement for out-of-pocket expenses and a contingent award of $15,000 for future expenses. Expense reimbursement from the $15,000 contingent award is to be paid only upon review and approval of the Special Master;

2) that Phillip Flournoy and Kathy Flournoy each receive $12,500 as compensation for serving as class representatives in this litigation, and that Frank Owens and Judy Owens each receive $12,500 as compensation for serving as class representatives in the case of *Owens v. AlliedSignal*, Glynn County Superior Court, Civil Action File Number 97-00233.

Pursuant to Rule 54(b), Fed.R.Civ.P., the Court finds that there is no just reason for delay and that this Order should be entered as a final judgment. The Court expressly retains jurisdiction of the administration of the settlement, including, *inter alia*, the proceedings of the Special Master and the allocation of the recovery.

SO ORDERED, this the 6th day of April, 2007.

United States District Judge
Southern District of Georgia